NEW YORK BELTING & PACKING Co. and others *v.* SIBLEY.

*(Circuit Court, D. Massachusetts. March 2, 1883.)*

1. PATENT LAW—CONSTRUCTION OF CLAIMS IN LETTERS PATENT.

The disclaimers, qualifications, and limitations imposed by the patent-office upon a patentee are forever binding upon him if he chooses to accept a patent containing them. Such qualifications are conditions precedent, and are made to protect third persons, who might otherwise be misled to their injury by the subsequent enlargement by reissue or by construction.

2. SAME—REMEDY OF PATENTEE.

The applicant for a patent may refuse to take it with limitations, and being rejected may apply to the supreme court of the District of Columbia, under Rev. St. § 4911; and, if still dissatisfied, he has his remedy in equity by section 4915.

*C. H. Drew,* for complainant.

*B. F. Thurston* and *F. P. Fish,* for defendant.

Before GRAY and LOWELL, JJ.

LOWELL, J. The decision of this case, like so many others of its class, depends upon the construction to be given to the claims of the patent. It is No. 140,635, granted to George Merrill, July 8, 1873, for an improvement in knitting-machines. The result accomplished by the new machinery is the production of a knitted fabric, into which warp and weft threads are introduced, without weaving in the ordinary mode, for the warp and weft are locked or held together by a second weft or knitting thread. Any knitting-machine may be adapted to this use, and the mere operation of knitting in not changed. The most essential thing is to present the warps to the knitting needles at an angle to the line of action or reciprocation of the needles, else there will be no opportunity for them to move as they must, in and out, to form and interlock the loops. So plain is the necessity for this special mode of operation, that the witnesses in chief for the plaintiffs testify that a piece of cloth shown them as having been

made by the defendant must have been made by a machine substantially like that of the patent; and this appears to be so, if the claims can have the broad scope which the plaintiffs contend for.

The invention is said in the specification to be applicable to several different kinds of cloth, and that which is particularly described, which is a tube made on a circular knitting-machine, has been found very valuable for the hose of fire-engines, and other similar purposes. A cylinder, called the ring, C, is furnished with needles, which reciprocate vertically; a frame, F, for distributing the warp threads, is suspended above the cylinder, and provided with a hole or space for each warp thread, and is so much larger than the cylinder that the warp threads which pass through it are bent over as they descend, and are presented at an angle to the line of reciprocation of the needles; and, by raising or lowering this frame, the angle may be varied. Two weft threads are now laid round the cylinder,—one for the filling and one for the knitting, or locking, which is done by the needles in any ordinary mode of knitting.

The fifth and last claim of the patent is not infringed. The other four contain, as an element of their combination, the warp frame, F.

The first claim is:

"(1) In combination with a series of reciprocating needles, arranged to operate as described, the frame, F, or its equivalent, arranged to guide and deliver a series of warp threads, at an angle to the line of reciprocation of said needles, between the needles, substantially as set forth."

Claim 2 is for—

"Such a frame, or guide, F, when made adjustable in relation to the needles, whereby the angle at which the warp threads are presented to the needles may be varied, as set forth."

The third and fourth claims both mention a frame or guide arranged to deliver its threads at an angle to the line of reciprocation of the needles.

This case turns upon the question whether the defendant uses the guide frame, F, or its equivalent. He has a frame which is not of such a shape as to present the warp threads at angle to the line of reciprocation of the needles. For this purpose he uses a cam placed towards the bottom of his cylinder, which pushes out a few threads at a time at the right moment. The plaintiffs insist that the devices of the defendant are the equivalents for his warp frame. The defendant replies that a patent was granted in England, in 1852, to Nichols, Livesey & Wroughton, for a knitting-machine, calculated to

do the work of the plaintiffs' machine. These English patentees, in their specification, take for granted one well-known sort of knitting-machine, in which the needles are horizontal, and do not reciprocate, but the fabric reciprocates, and show how warp and weft threads are to be laid and knitted into a fabric substantially like Merrill's. The defendant has produced in court a machine which appears to be made from the description and drawings of this patent. This machine employs a cam for pushing out the warp threads. On the other hand, the plaintiffs contend that the Nichols, Livesey & Wroughton patent was a paper patent merely, and that the machine described in it would do no useful work.

We are of opinion, in accordance with the defendant's argument, that the plaintiffs are estopped to say that the English patent did not describe a working machine. When Merrill applied for his patent, with claims in which the guide or frame, F, or its equivalent, was claimed in a general way, the examiner wrote that several of the claims were anticipated by the patent of Nichols, Livesey & Wroughton, and by two others. The first claim was then amended by adding after the word "guide" the words "and deliver," and after the words "frame, F, or its equivalent, arranged to guide a series of warp threads;" these words: "at an angle to the line of reciprocation of said needles." The examiner again objected that the first claim would still be too broad unless a certain part of the specification should be limited, and that other claims, which mentioned the frame, F, without the qualification which had been added to the first claim, were still too broad; for, though they claimed the frame in combination with reciprocating needles, "it is not supposed," he wrote, "that applicant intends to base any claims to patentability upon the fact that his case employs reciprocating needles, while those in the reference are stationary, for both classes of machines are equally familiar," etc. The applicant appealed to the commissioner of patents, but without effect. He then submitted amended claims, in which he added, after frame, F, the words "arranged as above described," and the office required him to add, after arranged, "to deliver its threads." In the letter making this condition, the examiner wrote, in reference to a change in the specification such as he had before referred to:

"As the whole merit of the case is made to turn on the fact that the warp threads are delivered to the needles at angle to the line of their reciprocation, and as the specification describes no advantage in so delivering them, rather than moving them out of line, (as in the reference cited,) it should be amended to do so."

Accordingly the patentee added the paragraph which immediately precedes the claims:

"The great advantage of a machine constructed on this plan is that by thus combining the reciprocating needles with a warp frame, arranged to deliver its threads as described, the needles in their movements pass between the warp threads, and are in such a position that the weft and locking threads can be laid in position by a simple carrier, and the whole operation of uniting and binding together the threads is performed by the needles alone, without the use of any other devices; the needles and the mechanism that operates them being the same as is in general use in knitting-machines."

In this paragraph we find admissions and statements which require us to say that the change from one form of knitting mechanism to another has nothing to do with this invention, and that the frame, F, delivering its threads at an angle, is not the same thing as a frame which cannot of itself guide and deliver the threads at an angle, but must add a cam, or "other devices," as the patent has it, for that purpose.

It has been several times decided by the supreme court that disclaimers, qualifications, and limitations, imposed upon a patentee by the patent-office, are forever binding upon him if he chooses to accept a patent containing them. Not only are third persons likely to be misled to their injury by any subsequent enlargement by reissue, or by a broad construction of claims thus intended to be limited, but these qualifications are conditions precedent, without which there would have been no grant at all, and, of course, the grant must be taken as it is given. If the applicant considers the case important enough, he may refuse to take a limited patent, and, being then rejected altogether, may apply to the supreme court of the District of Columbia, under Rev. St. § 4911; and if still dissatisfied, he has his remedy in equity by section 4915. These remedies are ample, and they are exclusive under the decisions cited by the defendant. *Legett* v. *Avery,* 101 U. S. 256; *Goodyear Co.* v. *Davis,* 102 U. S. 222; *James* v. *Campbell,* 104 U. S. 356; *Miller* v. *Brass Co.* 104 U. S. 350, 355, per BRADLEY, J.

Construing the patent as we must according to the requirements of the office, acquiesced in by the patentee, the defendant does not infringe it, because his frame has not the peculiar construction which the examiner declared was the only ground for issuing the patent. It does not guide and deliver the warps at an angle without the aid of other devices, but employs a cam to assist in that work, as in the older English invention. Bill dismissed.