BRILL v. ST. LOUIS CAR CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    November 28, 1898.)

No. 1,049.

1. PATENTS—CONSTRUCTION OF CLAIMS—AMENDMENT OF APPLICATION.
    Where an applicant for a patent amends and limits his claims and specification to meet objections of the patent office, whether such objections were well founded or not, he is not entitled to the benefit of the original claims under the patent issued, nor to a construction making the amended claims as broad as those abandoned.

2. SAME—LIMITATION OF CLAIM BY SPECIFICATION.
    The words "substantially as set forth," at the end of a claim, refer to the specification, and make it an essential part of the claim; and, where the language of the claim is general, it is limited by the more specific description contained in the specification.

3. SAME—TRUCKS FOR STREET CARS.
    The Brill patent, No. 432,115, for a street-car truck, as to claims 1, 4, and 6, must be limited to a combination of parts, an essential element of which is that the housings of the axle-boxes shall extend to or below the bottom of such axle-boxes.    Claim 3, which described the truck frame, was anticipated by the frame shown in the Woodbury patent, No. 48,008, for a frame for a steam street car.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

This was a suit by John A. Brill, the appellant, against the St. Louis Car Company et al., the appellees, to restrain the infringement of letters patent No. 432,115, which was issued to John A. Brill on July 15, 1890, pursuant to an application filed on April 27, 1889.    The invention covered by the patent relates to street-railway car trucks of the kind that are designed to carry electric motors, grips, or other analogous devices.    In his specification the inventor stated that the object of his invention was "to provide a truck frame of which the housings or pedestals for the axle-boxes form a component part of the truck frame, which is wholly supported upon or suspended from the axle-boxes, so that neither the frame, pedestals, nor appurtenances mounted on the frame, are subject to the vertical vibration of the car body, and an easier riding car body and an easier traveling running gear and truck frame are provided, and which admits of easy and quick removal of any or all of the wheels and axle-boxes for repairs or replacement, without necessitating the dismantling of the truck frame.    *    *    *"    The invention claimed by the patentee is fairly disclosed by the drawings Nos. 4, 5, and 9, which appear on the opposite page.    In the drawings last referred to, B represents the axle of the car; b the axle-box; C represents the housings or pedestals for the axle-boxes, which are not secured to the body of the car, but are supported by the axle-boxes.    The pedestals, so termed, are in the form of an inverted U, shown more clearly in Fig. 9, and the sides thereof extend to or below the bottom of the axle-boxes, as disclosed in Fig. 5, to maintain them in their normal position.    The ends of the pedestals, c', shown in Figs. 4 and 5, are connected together by side bars, d, shown in Fig. 4, to form the frame, D, of which the pedestals, C, are an integral or component part, and constitute the truck frame for the car.    Between the top bar, c, of the pedestals, and the axle-boxes, b, are interposed cushions of rubber, c2, to provide a spring support for said pedestals on the axle-boxes.    Through vertical openings in the pedestal ends, c', pass posts, F (see Fig. 4), which depend from the sills, a, of the car body.    The lower ends of the posts, F, are suitably braced by a brace, H, shown in Fig. 4, which is bolted to the car sill, a, and by a truss-rod, I, which is also shown in Fig. 4.    Surrounding the posts, F, are car springs, the lower ends of which rest on the frame, D, or on the ends of the pedestals, c'.    The only claims of the patent that are involved in the present action are claims Nos. 1, 3, 4, and 6, which are as follows:

"What I claim is: (1) A truck frame, D, having component axle-box, pedestals or housings supported on and extending to or below the bottom of the car axle-boxes, in combination with a spring-supported car body, substantially as set forth. * * * (3) In combination with the axle-boxes of a car, the frame, D, having axle-box pedestals, C, with lower open ends, $c^{12}$, extending down to the bottom sides of said frame, and the latter extending longitudinally beyond the car axles, substantially as set forth. (4) In a car, the frame, D, having pedestals, C, supported on, and extending down to or below the bottom of, the axle-boxes, springs inserted between said pedestals and boxes, and spring supports for said car on said frame, substantially as set forth. * * * (6) In combination with a car body and its running-gear axle-boxes, the frame, D, having component yoke-shaped axle-box pedestals, C, with lower open ends, $c^{12}$, inner and outer posts, F, connecting frame, D, and car body, car springs surrounding said posts, braces, H, for the outer posts, and a separate truss-rod, I, for the inner posts, F, substantially as set forth." The circuit court held that none of the aforesaid claims were infringed by the device which was in use by the defendants, and it accordingly dismissed the bill of complaint. The case is before this court on appeal from such decree.

Francis Rawle, for appellant.
George H. Knight, for appellees.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The trial court found, and its finding in that respect is not controverted by the complainant, that the infringing device of which complaint is made in the bill differs from the device described in complainant's patent, No. 432,115, in that the housings or pedestals of the car axle-boxes in the infringing device do not extend to or below the bottom of said axle-boxes. The trial court further decided that, upon a true construction of the patent in suit, claims 1, 3, 4, and 6, set forth in the statement, must be limited to a combination of parts, one element of which, to wit, the housings of the axle-boxes, is so constructed as to extend to or below the bottom of said axle-boxes. In consequence of this construction of the patent, it followed, of course, that the defendants were not guilty of an infringement. We are of opinion that the patent was properly construed by the trial court in the respect last stated, and that the charge of infringement was not sustained. In every instance where the housings of the axle-boxes are specifically described in the specification of letters patent No. 432,115, they are described as extending down "to or below the bottom of the axle-boxes"; and the same language is repeated substantially in the claims now under consideration, except the third and sixth. It also appears from the testimony that in order to obtain the patent in suit the patentee was compelled to modify his original claims for which claims 1 and 4 are a substitute, by inserting the limitation with respect to the housings, that they extended to or below the bottom of the axle-boxes. The original claims, for which claims 1 and 4 appear to have been substituted, contained no such limitation. The patent office rejected the original claims, pointing out that as drawn they covered a combination which was anticipated by prior patents, to wit, patents Nos. 399,468 and 402,890, which were issued respectively to W. S. G. Baker on March 12, 1889, and to S. A. Bemis and L. Pfingst on May 7, 1889, whereupon the complainant amended his specification and original claims so as to make it appear that the housings therein claimed extended to or below the bottom of the axle-boxes. When thus differentiated from the prior art, the patent was allowed containing claims 1 and 4 in their present form. In view of this amendment of the specification and claims to meet the objections of the patent office, it is clear, upon the authorities, that the patentee cannot now be heard to assert that the amendment was immaterial, and that his claims cover housings or pedestals which do not extend to or below the bottom of the axle-boxes. He is not at liberty to insist upon a construction of his claims which will cover a method of constructing the housings which he was required to abandon or disclaim for the purpose of obtaining favorable action on his application. It is immaterial, we think, whether the patent office was right or wrong in rejecting the complainant's original claims on the ground that the invention therein described was anticipated by the prior art. By amending his specification and claims the complainant admitted, in effect, that some limi-

tations were necessary; and it is now too late to assert that he was entitled to his original claims, or that the claims as finally allowed are as broad as the original claims. Sutter v. Robinson, 119 U. S. 530, 7 Sup. Ct. 376; Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493; Erie Rubber Co. v. American Dunlop Tire Co., 28 U. S. App. 470, 515–517, 16 C. C. A. 632, and 70 Fed. 58, and cases there cited.

In the sixth claim of the patent the housings or pedestals are not specifically described as extending to or below the bottom of the axle-boxes, but in view of the prior art, and the action of the patent office to which we have already alluded, we think that this limitation must necessarily be read into the sixth claim, and that the housings and pedestals therein referred to are no other than those described in claims 1 and 4, and in the specification; that is to say, we are of the opinion that the "yoke-shaped axle-box pedestals, C," referred to in the sixth claim, are the pedestals which are in every instance described in the specification as extending to or below the bottom of the axle-boxes. The words "substantially as set forth," with which this claim concludes, refer to the specification, and make the description of the housings therein contained an essential part of the claim. "General language in a claim which points to an element or device more fully described in the specification is limited to such an element or device as is there described." Adams Electric Ry. Co. v. Lindell Ry. Co., 40 U. S. App. 482, 512, 23 C. C. A. 223, and 77 Fed. 432, 449; Mitchell v. Tilghman, 19 Wall. 287; Stirrat v. Manufacturing Co., 27 U. S. App. 13, 47, 10 C. C. A. 216, and 61 Fed. 980.

Claim 3 of the complainant's patent, which covers the frame, D, having axle-box pedestals with lower open ends, in combination with the axle-boxes, is, in our judgment, anticipated by the method of constructing the trucks of a street steam car which is shown by United States letters patent No. 48,008, which was issued to Joseph P. Woodbury on May 30, 1865. This patent was offered in evidence by the defendants, together with several other patents, in support of the plea of anticipation; and, in our judgment, it discloses the exact combination covered by the complainant's third claim. As no other error has been assigned, except the failure of the lower court to enter a decree for the complainant sustaining the validity of claims 1, 3, 4, and 6, it follows from what has been said that the decree must be affirmed, and it is so ordered.