## SAFETY OILER CO. v. SCOVILL MFG. CO.

(Circuit Court, S. D. New York. July 6, 1901.)

1. PATENTS—CONSTRUCTION OF CLAIMS—LIMITATION BY AMENDMENT.
   A limitation inserted in an application for a patent by amendment after its rejection, to meet the objections of the patent office, must be given effect in construing the patent issued on the amended application, without regard to whether it was required by the prior art.

2. SAME—INFRINGEMENT—OILER.
   The Hirsch patent, No. 521,614, for a safety extension oiler, claim 1, construed, and *held* not infringed.

3. SAME—OIL AND SPRINKLING CAN.
   The Smalley patent, No. 247,855, for an oil and sprinkling can, construed, and *held* not infringed.

In Equity. Suit for infringement of patents. On final hearing.

Alan D. Kenyon, for complainant.
John P. Bartlett and Robert C. Mitchell, for defendant.

COXE, District Judge. This is an infringement suit based upon two patents owned by complainant. The first, No. 521,614, was granted to Ludwig Hirsch, June 19, 1894, for a safety extension oiler. The second, No. 247,855, was granted to Edmund Smalley, October 4, 1881, for an oil and sprinkling can. The defenses to both patents are noninfringement, lack of invention, anticipation and misjoinder of causes of action, the defendant insisting that the devices of the two patents are incapable of conjoint use.

The Hirsch patent relates to an improved oiler for bicycles, sewing machines, etc., the spout being adapted to be opened and closed so as to supply the oil or prevent its escape from the oiler. The spout is made movable in a stuffing-box and is guided on a stationary pin at the interior of the body of the oiler, the spout being provided at its inner end with a funnel-shaped mouth to permit the discharge of the lubricating material from the oiler when the spout is drawn out to its full extent, and to prevent the escape of the same when the spout is

pushed inwardly over the stationary pin. The specification explains the method of operation with careful attention to details. It says:

"When the spout, B, is pushed into the oiler, the inner end of the same passes readily over the stationary pin, a, and is guided thereon until the mouth arrives at the opposite point of the body, so as to permit by the seating of the flaring mouth against the bottom of the body and the tight-fitting of the pin into the spout, B, the reliable closing of the oiler, so that no discharge of oil from the same is possible. When the spout is in the body, A, the oiler can be placed in any desired position without discharge or leakage of oil, so that the soiling of the pockets, clothes or fingers is obviated. When the spout is pushed in the outward direction until its enlarged mouth arrives at the inner end of the stuffing-box, the spout clears the stationary pin, a, and the oil can be readily ejected from the body through the spout to the outside by pressing on the flexible side-wall or bottom of the oiler in the usual well-known manner."

The first claim is the only one involved. It reads as follows:

"(1) An oiler, composed of a suitable body, a shifting spout or tube guided in a stuffing-box of the body, an inner elongated stationary guide-pin projecting from the bottom of the oiler in line with the spout to a point near the top of the body, said spout being adapted to be moved inwardly over the pin and seated at its inner end on the bottom of the body, or outwardly so as to clear the same, substantially as set forth."

There are many features of this controversy which naturally tend to prepossess the court in favor of the complainant and there would, probably, be little difficulty in finding a decree in its favor were it not that Hirsch has so worded the claim that it is impossible, without disregarding well-known rules of construction, to hold that the defendant has infringed. It will be noted that one of the elements of the claim is "a shifting spout adapted to be moved inwardly over the guide-pin and seated at its inner end on the bottom of the body." This language is perfectly plain and simple and can be construed in one way only, the spout is seated at its inner end on the bottom of the oiler body. To construe the word "its" in the phrase "said spout being adapted to be moved inwardly over the pin and seated at its inner end on the bottom of the body," as referring to the pin's inner end, is arbitrarily to strangle and distort the English language and disregard the elementary rules of grammar. But even this interpretation will not remedy the difficulty. The spout must be "seated," and it cannot be seated if suspended an eighth of an inch above the only seat upon which it is possible for it to rest. The word "seat" when applied to machinery means "the part on which another thing rests, as a valve-seat." 3 Knight, Mech. Dict. 2084. Construction may be resorted to when there is something to construe; when, however, the language used can have but one meaning that meaning must be adopted no matter what the consequences may be. When a patentee claims as one of the elements of his invention a valve seated on a valve seat the court is not at liberty to say that the invention is equally found in a device where the seating of the valve as claimed is an impossibility. There can be no pretense that the language of the claim was used inadvertently or that it does not express the exact meaning intended by the patentee. The drawings show the "said spout"

seated at its inner end on the bottom of the body and the description specifically points out that it must be so seated. It says:

"When the spout, B, is pushed into the oiler the inner end of the same passes readily over the stationary pin, a, and is guided thereon until the mouth arrives at the opposite point of the body so as to permit by the seating of the flaring mouth against the bottom of the body * * * the reliable closing of the oiler."

Furthermore, it appears that the limitation was deliberately inserted by the patentee after his application had been rejected. The words "seating the flaring mouth against the bottom of the body" in the description, and the words "seated at its inner end on the bottom of the body" in the claim, were added after the application had been twice rejected. Unless he had acquiesced in the decision of the examiner and consented to the limitation of the claim he could not have obtained a patent at the time he did; having acquiesced and consented he cannot now ask to have the limited claim construed as if it were the broad rejected claim.

The contention that the patentee was not called upon by anything in the prior art to limit the claim as stated is wholly immaterial where there is no escape from the conclusion that he has so limited it. The law in such circumstances is too plain to admit of doubt. Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493, 29 L. Ed. 723; Morgan Envelope Co. v. Albany Paper Co., 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500; Royer v. Coupe, 146 U. S. 524, 13 Sup. Ct. 166, 36 L. Ed. 1073; Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 24 L. Ed. 344; Brill v. Car Co., 33 C. C. A. 213, 90 Fed. 666; Packing Co. v. Sibley (C. C.) 15 Fed. 386.

It is admitted that there is no valve seat at the bottom of the defendant's oiler and that it is impossible for the moving spout to come in contact in any manner with the bottom of the body. It is also admitted that if the claim be construed to contain this seating element the defendant does not infringe.

The Smalley patent expired pendente lite October 4, 1898. It relates to that class of oil cans known as "squirt cans," but can be used for sprinkling clothes or flowers and analogous purposes. The specification says:

"The invention consists in the combination, with an oil or sprinkling can, having an annular stopper for closing the mouth of a sliding discharge-tube fitting in said stopper and adapted to be thrust into the can to permit of the latter being conveniently carried in the pocket or otherwise, or extended for use when desired, and a fixed valve within the can against which the inner open end of said tube is closed when the latter is slid in. The invention also consists in the combination, with the can-stopper and valve or valve-yoke, of a discharge-tube composed of telescopic sections, the outer one of which slides in the stopper and the other or others of which slide within said outer tube, and the inner ends of all of which close against said valve."

The first claim is the only one involved and is as follows:

"(1) The combination, with an oil or sprinkling can having an annular stopper for closing its mouth, of a sliding discharge-tube fitting in said stopper and adapted to be slid in or out of the can, and a valve fixed within the can, against which the open end of the discharge-tube closes when the latter is slid in substantially as specified."

The elements of this combination are: First. An oil or sprinkling can having an annular stop for closing its mouth. Second. A sliding discharge-tube fitted in said stopper and adapted to be slid in or out of the can. Third. A valve fixed within the can, against which the open end of the discharge tube closes. The defendant's oiler concededly embodies the first two of these elements, but so does the structure covered by the patent to William Dee of May 30, 1871. If the claim be broadly construed the defendant has the third element also, but so has Dee. In other words, a construction broad enough to include the defendant's structure will invalidate the claim in view of the Dee patent. It is said that the Dee device belongs to a different art, but this proposition cannot be maintained in view of the statements in both patents that the vessels can be used as sprinkling cans and to hold any liquid. The Smalley patent is in no sense a pioneer; it must be confined to the apparatus shown and described. The defendant's valve is fixed within the can, but it has no valve yoke composed of wires and the mechanism and mode of operation is very different from that of the Smalley structure. If the defendant's method of closure were taken bodily from the Dee patent it would come nearer to infringing the claim than does the method now used. Any argument which excludes the Dee device as an anticipation must exclude the defendant's device as an infringement. The bill is dismissed.