### SANDER v. ROSE et al.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1903.)

No. 1,760.

**1. PATENTS—INFRINGEMENT—IMPROVERS.**

When two inventors have each adopted the substantial features or elements of an earlier invention making, respectively, but slight changes in or improvements upon the earlier device, each will be limited to his own specific form of device; and, if there are differences therein, neither device will be held to be an infringement of the other. In all such cases the general words of a claim, especially where the claim contains words of reference to a more particular description of the thing patented, which is contained in the specification, will be held to cover only the structure or the device so particularly described.

**2. SAME—DISK HARROWS.**

The Rose patent, No. 416,346, for a disk harrow having a series of scrapers attached to a pivoted frame, controlled by the operator, by which the earth may be scraped from the concave side of the disks, is, at most, only for an improvement upon the harrow of the Corbin patent of 1877, No. 197,545, and the claims must be limited strictly to the construction shown and claimed. As so limited, it is not infringed by the device of the Lindgren patent, No. 645,818, which also adopts the substantial features of the Corbin invention, but differs in details of construction from that of Rose.

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Thomas A. Banning (Ephraim Banning, on the brief), for appellant.

Charles K. Offield and Charles C. Linthicum (Henry S. Towle, on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a suit for the infringement of letters patent No. 416,346, issued to Henry M. Rose, for an improvement in disk harrows, on December 3, 1889. Julius Sander, the defendant below, who is the appellant in this court, sold harrows that were manufactured in accordance with the specifications of letters patent No. 645,818, issued to A. Lindgren on March 20, 1900, for an improvement in disk harrows. Drawings or cuts representing the two kinds of disk harrows which are thus brought in conflict will be found on the opposite and succeeding pages. Referring to the Rose drawing, it will be observed that the rotary cutting disks, E,E, are mounted in the ordinary way, so as to revolve on an axle as the harrow is drawn over the ground. Each disk is provided with a scraper, C, which is a thin, elastic strip of steel, with a scraper edge that comes in contact with the concave side of the rotating disks, to which earth is apt to adhere when the ground is wet. The scrapers are attached to the bar, D, which is hinged to the frame of the harrow; one beam whereof, marked U, is disclosed in the drawing. By turning the hinged bar, D, by means of suitable mechanism for that purpose which is under the control of the driver, the scrapers are made to travel along the concave surface of the disks and remove the dirt which adheres thereto. The bar, D, has a longitudinal or endwise motion, to some extent, as the scrapers move from the axle outwardly toward the rim of the disks, and a coiled spring, marked $d^3$ in the drawing, presses the bar in the reverse direction back into place as the scraper points or blades return toward the axle. Several of the claims in the Rose patent are said to have been infringed by the appellant, but we only quote two— the first and the sixth—which will serve to illustrate what the patentee claims to have been his invention.

"(1) The combination with the disks, E, of the scrapers carried by a pivoted movable frame, and movable by the oscillation of said frame along said disks toward and from the periphery, substantially as set forth. * * *

"(6) The combination with a disk or series of disks, E, of a scraper carrier or support, and a scraper, or series of scrapers, whose free or scraping end, when at rest, is at or near the center of said disks, and which free end is adapted to be moved over and scrape the surface of the disks on a line crosswise to or at an angle with said scraper, substantially as set forth."

Turning next to the Lindgren drawing, the following method of construction will be observed. From the beam of the harrow frame, indicated by the figure 1, two horizontal bars, 2, placed end to end, are suspended, each of which bars sustains a gang of concave cutting disks that revolve on an axle in the ordinary way. Bolted to these bars, 2, are brackets, 4, shown in figure 3 of the drawing, supporting a rocking bar which carries scrapers, one for each disk. This bar may be so rocked by suitable mechanism under the control of the driver as to cause the scrapers thereto attached to travel along the concave surface of the respective disks, and remove the earth therefrom as it

accumulates. The rocking bars, to which the scrapers are attached, have no longitudinal motion, but the end of each scraper is inserted in the socket of a holder (illustrated in figure 4 of the drawing), in which socket is a coiled spring, 13, that holds the scraper blade against the concave surface of the disk as the scraper travels outwardly or in-

H. M. ROSE.
DISK HARROW.

No. 416,346.                                        Patented Dec. 3, 1889.

wardly along said disk. By this arrangement each scraper has a lateral motion independent of all others.

The prototype of both of the disk harrows above described is found, we think, in a patent issued to J. S. Corbin on May 14, 1877, being patent No. 197,545. This was likewise a patent for an improvement in wheel or disk harrows, and certain drawings thereof, which are deemed sufficient to illustrate the method of construction, will be

found on the opposite page. It will be observed that in the Corbin harrow a rocking bar, carrying scraper blades, is attached to a beam, E, which beam, in turn, is supported by the frame of the harrow, and that by means of the handle or crank, I, the rocking bar can be turned

No. 645,818,

A. LINDGREN.
DISK HARROW
Application filed Dec. 14, 1899.

Patented Mar. 20, 1900.

Fig. 1.

Fig 3

Fig 4.

by the driver, and the scraper blades made to travel along the concave surfaces of the disks, both inwardly, toward the axle, and thence outwardly. The scraper blades of this harrow are clearly shown in figure 2 of the drawings, which is a rear elevation of one gang of scrapers. We find in this harrow of Corbin rotating disks in combina-

tion with scrapers carried by a movable bar or frame, which, when turned, moves the scrapers along the concave surface of the disks to and from the axle on which they turn on a line crosswise the surface, so as to remove the dirt therefrom.

When the Corbin and the Rose harrows are compared, it becomes manifest, we think, that if Rose made an improvement in disk harrows which discloses patentable novelty, and rises to the dignity of an invention, the claims of his patent cannot, in any event, be construed broadly, but must be limited strictly to those details of construction that are described in his specification, as otherwise his patent cannot be sustained as a valid grant. When the Rose patent was issued, a disk harrow was a well-known agricultural implement, then in common use. The patentée only aimed to provide a scraping attachment for such harrows, whereby the concave surfaces of the disks

J. S. CORBIN.
Wheel-Harrow.

No. 197,545.                    Patented Nov. 27, 1877.

could be cleaned readily by the driver while the harrow was in motion. He says in his specification:

"The invention relates especially to the devices for scraping the disks, and freeing them from the earth which they gather in use; the object being to render the scrapers more efficient and convenient of operation."

But Corbin had already suggested how this end could be accomplished, by suspending scraper blades from a rocking bar or hinged frame so that by turning the rocker or the frame the scrapers would travel across the concave surfaces of the disks. The differences between the Corbin and Rose harrows, so far as the scraping apparatus is concerned, are not striking. Rose adopted the substantial or principal elements of the Corbin device, namely, the movable frame or scraper carrier attached to the frame of the harrow, and the scraper

blades so depending therefrom as to come in contact with the concave surfaces of the disks. Rose may have changed the form of the scraper blades to some extent; and he appears to have constructed the hinged frame, D, which carries the scrapers, so as to permit the frame to have a lateral or endwise motion, which was possibly beneficial. He also provided a coiled spring, $d^3$, to return the swinging frame to its place. In other respects he made no substantial improvement in the scraping attachment or device to which his patent relates. We are of opinion, therefore, that if his patent is upheld it must be limited to these details of construction.

In the Lindgren harrow, which is claimed to be an infringement, and which likewise adopts the substantial features of the Corbin device, the rocking arm has no lateral or endwise motion; at least, it has no such motion so far as the patent discloses, except such as it may eventually acquire by long continued use or wear; but each scraper is so set in its individual socket as to have a lateral motion, independent of all the other blades, and independent of the rocking beam. This feature, we think, differentiates the Lindgren harrow from the Rose harrow, and exempts it from the charge of infringement, for, when two inventors have each adopted the substantial features or elements of an earlier invention, making respectively but slight changes in or improvements upon the earlier device, each will be limited to his own specific form of device; and, if there are differences therein, neither device will be held to be an infringement of the other. In all such cases the general words of a claim, especially where the claim contains words of reference to a more particular description of the thing patented, which is contained in the specification, will be held to cover only the structure or the device so particularly described. McCormick v. Talcott, 20 How. 402, 405, 15 L. Ed. 930; Railway Co. v. Sayles, 97 U. S. 554, 556, 557, 24 L. Ed. 1053; National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 45 C. C. A. 544, 561, 106 Fed. 693, 710; Brill v. St. Louis Car Co., 33 C. C. A. 213, 216, 90 Fed. 666, 669.

Entertaining these views—that the appellant's harrow, made in accordance with the specification of the Lindgren patent, cannot, in any event, be regarded as an infringement of the Rose patent—it follows that the decree of the lower court must be reversed, and the bill of complaint dismissed. It is so ordered.