**MASON CORPORATION et al. v.
HALLIBURTON et al.**

No. 4542.

District Court, E. D. Oklahoma.
Oct. 9, 1939.

Preston C. West, Sam Clammer, Eldon Dick, Frank Settle, and A. A. Davidson, all of Tulsa, Okl., for plaintiff.

Ben F. Saye and Earl Babcock, both of Duncan, Okl., for defendant.

ALFRED P. MURRAH, District Judge.

Plaintiffs are the owners of United States patent No. 1,408,113, granted February 28, 1922, to Richard C. Mason, one of the plaintiffs herein.

The device disclosed in the Mason patent in suit is for measuring wells. It consists of a frame adapted to be mounted on the well casing, the frame having three measuring wheels or pulleys mounted vertically therein and connected to each other and to a revolution counter by a sprocket chain. A cable which is lowered into the well is pressed against the pulleys by rollers and tensioning means so that as the cable moves the pulleys rotate and actuate the counter to indicate the amount of cable in the well.

The broad idea of measuring wells with a measuring wheel and counter is quite old. On April 19, 1904, United States patent No. 757,810 was granted to Hudson. The Hudson patent discloses a device for this purpose, consisting of a frame adapted to be mounted on the well casing, the frame having a measuring wheel with a counter and rollers, one of which is adjustably mounted to force a cable firmly into engagement with the measuring wheel so that movement of the cable will cause movement of the measuring wheel and the counter.

The structure of the Mason patent differs from that of Hudson in that three measuring wheels are used instead of one and in the particular mechanism employed for adjusting the rollers. Hudson used a can to adjust only one roller. Mason uses a tensioning screw and a head for adjusting two rollers.

The use of tensioning screws for adjusting rollers to hold rope or cable in contact with measuring wheels is old in the patents to Boatwright, No. 530,385, granted December 4, 1894; Frank, No. 1,006,473, granted October 24, 1911; and other patents of the prior art.

The claims of the Mason patent call for specific details not found in the prior art, particularly a head having rollers, a tensioning screw threaded through the frames and connected to said head, and other details such as the guiding means for the head or the screw. This particular arrangement so mounts the rollers that they may move to a limited extent or rock to permit an enlargement on the cable to pass through the device. Claims 1 to 4, inclusive, call for a plurality of measuring wheels or pulleys. The patent to Uber, No. 1,228,991, granted June 5, 1917, discloses two measuring wheels connected to the counter by gears but does not show any adjustable rollers.

The apparatus disclosed in the original application for the Mason patent employed a spring for tensioning means. The spring was shown mounted between the frame and the head which carries the rollers for urging the rollers into engagement with the cable to force it against the measuring wheel or pulley. There was no disclosure in the original application of the use of a screw for changing the tension in the spring or for changing the tension or pressure exerted by the rollers upon the cable. A screw was disclosed in the original application but it was not a tensioning screw since it had nothing to do with the tension placed on the cable but was only a retracting screw for moving the head and rollers out so that the cable could be inserted in the device.

The specification, drawing and claims of the Mason patent as issued are different from those of the application as filed. After the application was filed, the specification and drawings were both changed to modify the structure of the screw so as to make it a tensioning screw instead of a retracting screw. Every claim in the Mason patent calls for a tensioning screw.

The Halliburton device alleged to infringe the Mason patent in suit is the same as that shown and described in the Halliburton patent No. 1,692,037, granted November 20, 1928. While the Halliburton device is designed for the measuring of wells, its structure and operation are dif-

ferent from that of the Mason patent in suit. The Halliburton device does not include a tensioning head having rollers arranged adjacent opposite sides of a pulley and adapted for urging a cable into driving engagement with the pulley, a tensioning screw threaded through a frame and connected to said head, a guide bracket carried by a frame and having an opening receiving said tensioning screw, as recited in claim 5 of the patent in suit, nor the corresponding elements recited in the other claims of the patent in suit.

The Halliburton device does not function the same as the Mason device. In the Mason device, the head which carries the rollers is so mounted on the tensioning screw as to permit an enlargement on the cable to pass through the device. The Halliburton rollers are not so mounted and would not permit an enlargement to pass. The rollers of the Mason device are employed to hold the cable into driving engagement with the measuring wheels. In the Halliburton device, the measuring wire is coiled completely around the measuring wheel and is, in driving engagement with it whether or not the rollers are pressed against the wire.

During the prosecution of his application in the Patent Office, Mason attempted to obtain claims which were rejected by the Patent Office on the prior art. Mason then canceled these claims and inserted claims limited to the particular structure shown and described in his patent.

The Court finds that the Mason patent, by its arrangement of mechanical equivalents and by the improvements upon elements exposed by the prior art, have contributed to the general art of the measuring of the depth of wells and is entitled to the protection afforded it within the range of combinations embodying known elements so arranged and adapted to the use and purposes for which the art is intended so as to contribute to the commercial success of the art itself.

The Court further finds that the Mason patent is limited in its scope of inventive genius to its relationship to the prior art, and therefore, in giving effect to the extent to which it is entitled to a monopoly consideration must be given to the basic prior art on which the plaintiff bases his claims and patentability.

All the claims of the Mason patent, in suit, are valid because they constitute a mechanical improvement on the prior art

adapted to commercial use, amounting in law to inventive genius.

That the patent, in suit, is a secondary patent involving a combination of known elements and is subject to the limitations and restrictions placed upon it by the Patent Office and the prior art and that its claims are confined strictly to the specific structure herein described.

That none of the claims of the Mason patent, in suit, are infringed by the defendants or either of them.

The plaintiffs are the owners of Letters Patent No. 1,408,113. Application for which was made in the United States Patent Office on the 28th day of January, 1921, and granted by said office on the 28th day of February, 1922. The Letters Patent cover a "Well Measuring Device."

The claims and specifications are fully set forth in the trial record of this case and the Findings of Fact filed this day, reference to which is here made.

The plaintiffs complain that a "Well Sounding Device", on which Letters Patent have been issued to the defendant, infringe claims Nos. 1, 2, 3, 4, and 5 of plaintiffs' patent.

The defendants impose the usual defense of invalidity and non-infringement. The proof shows that the science of measuring wells by a means of structural devices embodying most of the material elements found in the patent in suit, was old and anticipated by the prior art before filing of the application for the plaintiffs' patent.

Generally, and for the purpose of clarity, the plaintiffs' device consist of a frame, which is not new; a pulley, not new, attached to the said frame. Adjustable mounted rollers, opposite and adjacent to the said pulley to hold a cable in driving engagement with said pulley, which is not new, except in mechanical arrangement; a tensioning screw threaded through the frame and connected to the head, consisting of the adjustable rollers in such a manner as to adjust the tensioning head in its relationship to the pulley, again not new except in mechanical arrangement. See Hudson Patent, No. 757,810.

It is clear that the Mason device employs a combination of elements not new in the art of measuring the depth of oil wells but by means of the mechanical arrangement of such combination and by means of improvement of mechanical

equivalents, such as the adjustable means of the tensioning screw connected to mounted rollers resulting in adjustable means of pressing the cable in to driving engagement with the calculating pulley by the use of threads through the frame. By this arrangement the device has contributed substantially to the prior art, resulting in greater commercial value. Consequently, within the ambit of those devices embodying known elements so constructed and arranged to constitute an improvement, recognized in the field of the art by its attendant commercial success, it is entitled to protection.

In giving consideration to the question of infringement by a device covered by Letters Patent, operating within the same general field the Plaintiffs' must be confined to the rights and privileges conferred upon it by the issuance of Letters Patent to that range which the decisions of our courts have seen fit to protect against infringement.

We must, also, give consideration to the rule of mechanical equivalents in determining whether or not they constitute patentable devices so arranged as to constitute inventive genius and, therefore, entitled to protection as against a device which may embody and include some of the elements used in the patent sought to be protected. ·

Important, also, are the purposes for which the respective devices were intended to be used as distinguished from the broad and general art of measuring the depth of wells. It is evident to the Court from the testimony that the Mason device was not intended to serve the same purpose as the Halliburton device except in a broad and generic sense. Moreover, it is evident and the Court so finds that there was no intent on the part of Halliburton to copy or make use of the elements employed in the Mason patent, except insofar as it follows, or makes use of known elements of other devices of the prior art. That is to say, both patents here make use of known elements, and materially differ only in the manner of mechanical arrangement.

In order to sustain the validity of the Mason patent, its claims must be given a narrow construction. To do otherwise would infringe the prior art and its patentability. Robbins v. Ira M. Petersime & Son, 10 Cir., 51 F.2d 174; Sander v. Rose, 8 Cir., 121 F. 835.

In Robbins v. Ira M. Peterson & Son, supra [51 F.2d 177], the Court cited with approval the language found in Sander v. Rose, 8 Cir., 121 F. 835, as follows: " * * * When two inventors have each adopted the substantial features or elements of an earlier invention, making respectively but slight changes in or improvements upon the earlier device, each will be limited to his own specific form of device; and, if there are differences therein, neither device will be held to be an infringement of the other."—and further quoting from Anakin Lock Works v. Dillon Lock Works, 8 Cir., 292 F. 45, in which the court said: " * * * While in case of a patent involving mere improvements, in view of the prior art, the claims are to be narrowly construed and limited to the particular mechanism described, and any device which accomplishes the same result by means of different mechanism is not an infringement." See also Chicago & N. W. Railway Co. v. Sayles, 97 U.S. 554, 24 L.Ed. 1053. I am convinced that the identical situation exists here.

It follows from this well established rule that one may not skillfully arrange anticipated mechanical elements by the substitution of mechanical equivalents and by adroit wording of claims avoid that which is manifest in the prior art and use the advantage given thereby to enforce a monopoly as against those who employ the use of the same elements anticipated by the prior arts by an entirely different arrangement of mechanical equivalents for a specific purpose within a fairly well explored general field of the art.

The purposes for which the two devices are used within the broad field of well measuring are entirely different although it is urged that the Mason device is entitled to the protection for any function which it is ·capable of performing, regardless of whether or not the inventor conceived of that particular function at the time of its invention. This contention is adequately answered by the application of the same rule to the prior art where it is evident that a number of the functions which either of the patents here may be capable of performing by substantially the same means could be performed by the devices of the prior art with the improvements manifest in each of the devices in suit, without departure from the fundamental field· in which they were intended to serve.

The Court is, therefore, of the opinion that within the scope herein outlined and giving to each of the patents involved the full and complete protection to which it is entitled by the rule governing the same, the Mason patent is valid but it is not infringed by the Halliburton patent and consistent with the views herein expressed the Court has this day filed Findings of Fact and Conclusions of Law and the defendant is directed to submit an appropriate decree in consonance therewith.