CONSOLIDATED STORE-SERVICE CO. v. HERZOG et al.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1901.)

No. 703.

PATENTS—INFRINGEMENT—CASH CARRIER.
    The Osgood patent, No. 357,851, for an improvement in store service apparatus, claims 1 and 2, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Indiana.

F. P. Fish, for appellant.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion of the court as follows:

The facts of this case, so far as the validity and scope of appellant's invention are concerned, are identical with those of Store-Service Co. v. Seybold (just decided), 105 Fed. 978. In this case, however, the appellant alleges infringement of both his claims of Letters Patent No. 357,851, granted him February 15, 1887, for a new and useful improvement in store service apparatus.

The two claims said to be infringed are as follows:

1. "In a cash-car apparatus, a wire stretched horizontally between fixed supports at each end and in the described relation to the cashier's desk, in combination with a freely-moving car held below the wire on wheel-hangers, to which it is rigidly connected, the wheels thereof being fitted to run one behind the other on the wire, whereby the car is held rigidly against oscillation longitudinally of the way, the whole moving structure being thus adapted to be impelled as a solid body from one end of the way to the other in either direction

by the momentum imparted by a single impulse or push, substantially as described.

2. "In a cash-car apparatus, a wire stretched horizontally between fixed supports at each end and in the described relation to the cashier's desk, and having adjustable stops placed axially on said wire, in combination with a freely-moving car held below the wire on wheel-hangers, to which it is rigidly connected, the wheels thereof being fitted to run one behind the other on the wire, whereby the car is held rigidly against oscillation longitudinally of the way, the whole moving structure being thus adapted to be impelled as a solid body from one end of the way to the other in either direction by the momentum imparted by a single impulse or push, substantially as described."

The appellees' apparatus is clearly shown in the following cut:

The above apparatus consists of a tautly stretched elevated track, or wire, running from the sales station to the cashier's desk, at a variable inclination of about eighteen inches, dependent upon the relative distance, in each instance, between the points of travel. A collapsible spring buffer, or rubber bulb, provided with a vent to admit of the escape of air when the car comes into contact with the chamber of the bulb, is attached or clamped to the wire or track at either end. A car having two wheels which run on the wire way, one behind the other, is suspended below the wire on wheel-hangers, being rigidly connected therewith. The cash cup or receptacle is firmly attached to the car body proper, the whole apparatus thus presenting a practically solid combination.

It is clear to us that the appellant is limited, by the very terms of his patent, to a horizontally stretched wire. It is equally evident to us that appellees employ an inclined wire—the inclination varying proportionately with the length of wire, or distance to be traveled. We can not concur with the contention of appellant that the device of appellees comprises adjustable stops placed axially on the wire way. The adjustable stop of appellant's device may be moved to any position on the wire; while the bulb of appellees' apparatus is intended to be attached only at the opposite ends of the wire way.

The decree of the Circuit Court will be affirmed.