CONSOLIDATED STORE-SERVICE CO. v. SIEGEL-COOPER CO. et al.

(Circuit Court of Appeals, Second Circuit. April 3, 1901.)

No. 110.

1. PATENTS—INVENTION.

The Osgood patent, No. 357,851, for an improvement in a cash-car apparatus,—the device described consisting of a car rigidly suspended by two wheel hangers from a horizontal wire, along which it is moved by a push of the hand,—discloses a patentable invention, which was not anticipated, and is valid.

2. SAME—INFRINGEMENT.

Claim No. 1 of the Osgood patent, No. 357,851, must be limited to an apparatus in which gravity does not suffice to start and carry the car to its destination, in order to save the claim from invalidity, in view of the prior art, and also because the specification states, "it is manifest that the wire must be practically horizontal," and a two-wheeled carrier is also an indispensable constituent of the claim, so that it is not infringed by a carrier having a single wheel, nor by a device in which the wire track is inclined so that the car runs thereon by gravity.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Frederick P. Fish, for appellant.
Albert H. Walker, for appellees.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. The appellant has waived the assignments of error, except those which challenge the decision of the court below in respect to claim 1 of letters patent No. 357,851. The court below decided that claim to be valid, but that it was not infringed by the defendants. 103 Fed. 489. The appellees insist that the decree dismissing the bill should be affirmed because of the invalidity of that claim, for want of patentable novelty, as well as upon the ground upon which the decree was placed by the court below.

The patent (granted to Edward P. Osgood February 15, 1887) is for "store-service apparatus," and describes an invention for "an improved cash-car apparatus or system for salesrooms and the like." Claim 1 is as follows:

"(1) In a cash-car apparatus, a wire stretched horizontally between fixed supports at each end and in the described relation to the cashier's desk, in combination with a freely-moving car held below the wire on wheel hangers, to which it is rigidly connected, the wheels thereof being fitted to run one behind the other on the wire, whereby the car is held rigidly against oscillation longitudinally of the way, the whole moving structure being thus adapted to be impelled as a solid body from one end of the way to the other in either direction by the momentum imparted by a single impulse or push, substantially as described."

For the purpose of ascertaining the scope of the patent, only those of the prior patents which most nearly anticipate the claim need be adverted to. Considered generally, the patent is one for a system or apparatus having a horizontal taut wire without intermediate standards or supports, and without devices for imparting initial impetus to the car; the car being secured against longitudinal oscillation by a rigid connection through hangers to two wheels running one behind the other on the wire, and being started upon its errand to and fro by a single push of the hand. The patent to Brown, No. 165,473, shows an apparatus containing all the parts of the claim in controversy, except as regards a difference of form and proportion in the carrier, viz. the wire horizontally stretched between fixed supports at each end, the freely-moving car held below the wire on wheel hangers to which it is rigidly connected; the wheels fitted to run one behind the other on the wire, and to hold the car rigidly against longitudinal oscillation. But the carrier of that patent is designed to be propelled by cords passing over pulleys and connected with the carrier at top and bottom to steady its movements, and the omission of these parts in the apparatus of the patent in suit introduces a different mode of operation, and suffices to constitute patentable novelty. The patent to White, No. 221,448, shows an apparatus in which the impetus of the carrier is started by a push of the hand. It consists

of two tracks, one inclined from the cashier's office and the other towards it, so that the car will descend by force of gravity and travel automatically from one end to the other. When it reaches either end it is removed to the other track, where it returns to its starting place by gravity. The track consists of thin bars or rails of metal in short sections. They are supported by standards at the ends and intermediate depending rods. The carrier hangers and wheels, except as to matters of form and proportion, are those of the patent in suit. In the apparatus of the patent in suit the taut wire may be regarded as essentially the same thing as the thin metal rail of Hayden, but one of the tracks and the intermediate supports of the tracks are dispensed with. What Osgood did was to modify the apparatus of Brown by dispensing with the devices for giving initial impetus to the carrier and assisting in its propulsion. He did not do this by substituting the inclined track of White. If he had merely made such a substitution, it would not have introduced invention, because, being informed by the White patent of the adaptability of the gravity system to do the work of the starting and propelling devices in the Brown apparatus, it would have been an obvious thing to utilize the inclined track and dispense with these devices. Besides this substitution, he made mechanical improvements in other matters of form and detail. He was the first to apply practically the thought that a carrier like those of Brown or White could be propelled satisfactorily to its destination upon a taut horizontal wire, without starting devices, and without the assistance of gravity, and by embodying his conception in the organization which he devised he was enabled to dispense with the unnecessary but more or less expensive adjuncts such as Brown and White had employed.

While recognizing the meritorious character of his improvements, it is very difficult to locate the boundaries of his invention. The length of the wire and the size or weight of the carrier employed enter largely into the value and the patentable novelty of his improvements. His apparatus would be of very limited utility if a heavy carrier were used. The use of a short wire for the track of the carrier would not involve invention, because every man of common sense would recognize its adaptability for conveying for a short distance a carrier started by a push of the hand. Still his apparatus is adapted to the purposes disclosed in the specification,—to be used commercially in store service; and it is not denuded of its novelty because, if it were so constructed that it would not be adaptable to such a purpose, it would not disclose any invention. We place no emphasis upon the consideration that the patented invention does not require two tracks. A double track is as desirable in his system as it is in all store-service systems, so that a car going in one direction will not encounter one coming from another direction; and the complainant's expert states that the double track is always present when the system is used commercially.

Agreeing with the conclusions of the court below upon the question of patentable novelty, we are of opinion that the claim in con-

troversy must be limited to apparatus in which gravity does not suffice to start and carry the car to its destination. Not only is this construction necessary to save the claim from invalidity, in view of the prior art, but the specification states, "It is manifest that the wire must be practically horizontal," and the claim makes a "horizontal wire" a constituent. Concededly, a two-wheeled carrier is also an indispensable constituent of the claim.

That part of the defendants' system on which two-wheeled carriers are used has wire ways varying from about 10 feet to about 40 feet in length, and each of them runs on a down grade varying from 1 foot in 10 to 1 foot in 22. Obviously, these are not practically horizontal, and consequently the claim is not infringed.

The decree of the court below is affirmed, with costs.