### CONSOLIDATED STORE–SERVICE CO. v. WINTERS et al.

(Circuit Court, W. D. Arkansas, Texarkana Division. December 15, 1902.)

1. PATENTS—INFRINGEMENT—CASH CARRIERS.

The Osgood patent, No. 357,851, for a store-service apparatus, discloses a patentable invention which was not anticipated, and is valid. Also *held* infringed.

In Equity. Suit for infringement of letters patent, No. 357,851, for a store service apparatus, granted to Edwin P. Osgood February 15, 1887. On final hearing.

C. B. & Henry Moore and Guy Cunningham, for complainant.
Scott & Jones, for defendants.

ROGERS, District Judge. The validity of complainant's patent, No. 357,851, has been recognized in the following cases: Consolidated Store-Service Co. v. Siegel-Cooper Co. (C. C.) 103 Fed. 489;

Id., 46 C. C. A. 599, 107 Fed. 716; Same v. Herzog (C. C.) 100 Fed. 299, affirmed in 45 C. C. A. 159, 105 Fed. 985; Same v. Seybold, 45 C. C. A. 152, 105 Fed. 978. Relief was refused in all these cases, on the ground that there was no infringement. The same patent was also recognized in the following cases: Store-Service Co. v. Whipple (C. C.) 75 Fed. 27; Same v. Wilson (C. C.) 83 Fed. 201. Affirmative relief was granted in both these cases, the validity of the patent being recognized, and the defendants enjoined on the ground of infringement. In Wilson v. Store-Service Co., 31 C. C. A. 533, 88 Fed. 286, the circuit court of appeals for the First circuit dissolved a preliminary injunction, issued merely on affidavit, on the ground that the patent was too doubtful to justify it; but the court is informed that on final hearing, the defense having taken no testimony, the decree was entered for the plaintiff.

In view of these decisions, the court is of opinion that the validity of the patent in controversy ought to be considered as established; and, independent of that, determines for itself that patent 357,851 discloses a patentable invention which was not anticipated, and is valid; although, as said by Judge Shipman in Consolidated Store-Service Co. v. Siegel-Cooper Co., supra, it is entitled to a narrow construction.

It is not necessary, for the purposes of this case, to pass upon the validity of patent 293,192, in regard to the validity of which there seems to be some conflict in the decisions of the courts. My mind inclines to the view, however, that patent 293,192 also involves a patentable invention.

If the court is correct in holding that patent No. 357,851 is valid, and embraces a valid and patentable invention, then the only remaining question is as to whether or not there was an infringement in this case. The defense has taken no testimony whatever, and the only evidence bearing upon the question of infringement grows out of the testimony of P. G. Roquemore, which, by stipulation, is taken as his deposition, and wherein it appears that the defendants, after the 1st day of January, 1897, used a system of store-service apparatus consisting of four cash carriers, branded "Standard," in their store in Texarkana, Ark., and that the same were used up to within 18 months before the filing of the bill of complaint in this suit; and that the cut on opposite side of a sheet of paper attached to his deposition is a fair representation of the four cash carriers branded "Standard," now in the basement of the store formerly occupied by Joe Winter & Co., the differences "being more of an artistic than of a mechanical nature." On the opposite side of the paper referred to is a cut of the four cash carriers branded "Standard." A careful comparison of this "Standard" apparatus with the invention of the complainant leads me to the conclusion that the principles involved in both are precisely the same. There are some differences as to the methods of staying the same to the ceiling and walls of the building, but this is no part of the patentable apparatus, nor does it involve anything that is patentable. But the taut wire, the method of keeping it taut, the construction of the car, and the method of operating the car, as well as stopping it, are precisely the same as those covered by the Osgood patent, which is patent No. 357,851, owned by the complainant. True, in the "Standard" ap-

paratus the car, instead of being pushed by hand, is operated by a lever; but the lever and pulley used for that purpose are neither novel nor patentable, and involve no new principle whatever.

I conclude, therefore, that the "Standard" cash carrier used by the defendants was an infringement upon the Osgood patent. In this case it was conceded that the damages sustained were nominal, and counsel waived the reference of the case to a master. The decree of the court, therefore, is for the complainant for a permanent injunction. It is so ordered.