LOEW SUPPLY & MFG. CO. v. FRED MILLER BREWING CO.

(Circuit Court of Appeals, Seventh Circuit.  April 11, 1905.)

No. 1,108.

1. PATENTS—CONSTRUCTION OF CLAIMS—NEW COMBINATION OF OLD ELEMENTS.
    One who selects and combines elements from the inventions of others
    into a new structure adapted to accomplish the old result is entitled to a
    patent only for his own particular form of adaptation.
    [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 27.]

2. SAME—INFRINGEMENT—MACHINE FOR WASHING BOTTLES.
    The Cobb patent, No. 690,563, for a bottle-washing machine, covers a
    new combination of devices known in the prior art, and is limited to the
    specific adaptation of such parts shown.  As so construed, it is not in-
    fringed by the machine of the Volz patent, No. 736,037.

Appeal from the Circuit Court of the United States for the East-
ern District of Wisconsin.

Appellant's bill on account of the alleged infringement of letters patent
No. 690,563, January 7, 1902, to Cobb, assignor, for improvements in bottle-
washing machines, was dismissed for want of equity.

The general nature of the Cobb machine can be read from the accompanying
drawing:

The claims alleged to have been infringed are these:

"(1) In bottle-washing machines, a solution-tank, an endless flexible carrier,
and a series of rolling supports over which said carrier travels and is reversed
in relation to the tank, said carrier having openings through which the bottles
are inserted from the outside, and receptacles inside the carrier about said
openings to receive the bottles bodily, substantially as described."

"(4) A bottle-carrier for a bottle-washing machine, comprising a pair of
endless chains, straight cross-pieces at intervals connecting said chains, and
constructed each with holes to accommodate a row of bottles, and bottle-
receiving baskets on the inside of said cross-pieces about said holes, of a
size to receive substantially the entire bottle, substantially as described."

"(9) In bottle-washing machines, an endless carrier having a series of
cross-plates with holes of a size to pass the bottles through to the inside
of the carrier, and holders for the bottles on the inside of said cross-plates
about said holes, of a size to receive the entire bottle within the carrier,
said holders having their inner free ends constructed to expose the mouth
of the bottle to the solution, and to hold the bottle from dropping out into
the tank when inverted, substantially as described.

"(10) In bottle-washing machines, an endless flexible carrier constructed of a set of chains, cross-plates with holes for bottles fixed to said chains, and an open-work bottle-holder fixed about each hole in said plates on the inside thereof, said holes and holders being of a size to allow the bottle to drop out through the carrier by gravity, and a series of wheels over which said carrier travels, one of said wheels being arranged to reverse the position of the bottles on the carrier, and thereby bringing them to place of free discharge, substantially as described.

"(11) The tank and the endless carrier having holders on its inside for the bottles and wheels supporting said carrier, one of said wheels being arranged to reverse the position of the bottles in respect to the carrier, and a support for the bottles outside the carrier, and terminating at the point of their discharge from the carrier, substantially as described."

"(13) In bottle-washing machines, a solution-tank and an endless bottle-carrier provided with receptacles having openings at their top out of which the bottles are adapted to drop by gravity when said openings are downward, and supports over which the said carrier travels in a circuit, in combination with guards independent of the carrier, to confine the bottles along portions of the line of their travel, whereby when the bottles are inverted they ride on said guards and are kept in their receptacles, substantially as described."

Appellee's machine is made under letters patent No. 736,037, August 11, 1903, to Volz. Figure 1 of the Volz patent drawings follows:

Some of the distinctive claims of the Volz patent are the following:

"(12) A bottle-soaking machine comprising a tank, an endless conveyer having a series of bottle-racks, each consisting of a frame having a single transverse row of openings for bottles, and provided with a rear wall having

a single transverse row of holes to loosely receive the necks of the bottles, the frames being secured to the conveyer along their central transverse axis.

"(13) A bottle-soaking machine comprising a tank, an endless conveyer adapted to travel therein, and having a series of bottle-racks, each consisting of a frame open at top and bottom, and having a single transverse row of bottle-openings, fastening-lugs secured respectively to the conveyer and to the frames at the central axis thereof."

"(15) A bottle-soaking machine comprising a tank, an endless conveyer arranged to travel therein, a series of bottle-racks operatively connected with the conveyer, and arranged transversely and obliquely to the plane or line of travel of the conveyer, a guide arranged within the tank adjacent the line of travel of the conveyer to prevent the bottles from falling out of their racks, each rack consisting of a frame having on its inner or rear side a series of openings larger than the necks of the bottles, and through which such bottle-necks pass and project."

"(21) A bottle-soaking machine comprising a vertical tank extending substantially from floor to floor of a building, a bottle-conveyer arranged to travel partly within the tank, and having stretches outside the tank along the sides thereof and underneath the same, rolling supports arranged above the top of the tank and on a substantial level with the upper floor and over which such conveyer passes, and a series of bottle-racks arranged in said conveyer, and adapted to be fed with bottles at the lower floor and to be discharged at the upper floor after traversing the tank."

The record exhibits the following prior patents: No. 237,501, February 8, 1881, J. M. Dodge; No. 287,048, October 23, 1883, E. Norton and J. G. Hodgson; No. 354,061, December 7, 1886, W. W. Horner; No. 373,315, November 15, 1887, N. J. Simonds; No. 393,170, November 20, 1888, L. McMurray; No. 410,300, September 3, 1889, R. Steegmuller; No. 498,371, May 30, 1893, E. A. Wadsworth; No. 530,583, December 11, 1894, A. F. and A. C. Dumke; No. 566,471, August 25, 1896, E. R. Richards; No. 582,505, May 11, 1897, E. Kersten; No. 587,397, August 3, 1897, B. V. Nordberg and A. Uihlein; No. 602,277, April 12, 1898, G. W. Swift, Jr.; No. 606,757, July 5, 1898, W. J. Cunningham; No. 627,612, June 27, 1899, B. Fischer et al.; No. 647,082, April 10, 1900, A. Goetz; No. 651,329, June 5, 1900, F. J. Hagen; No. 654,712, July 31, 1900, A. Cerruti; No. 666,607, January 22, 1901, J. A. Hughlett; British patents No. 2,540 (1877), James S. Clarke; No. 13,170 (1890), William L. Wise; No. 15,156 (1896), Josef Wild; No. 10,739, George A. Crawford.

Wm. Raimond Baird, for appellant.

H. P. Doolittle, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge (after stating the facts). Goetz shows a bottle-washing machine which "consists essentially of two tanks for containing the liquids, endless chains having connected therewith bottle-holding devices, and extending within a tank containing the cleaning solution, and thence upward above the same, means for automatically releasing the bottles, and a suitable conveyor to receive the bottles and convey the same into another tank containing water or other suitable liquid for removing the cleaning solution." The bottle-holding device is a hole in the carrier plate through which the neck of the bottle is thrust, and a spring-latch to seize and hold the neck. When the point of discharge is reached, a fixed arm disengages the spring, and the bottle falls upon the moving apron, down which it is carried into the rinsing tank.

For their endless conveyor of the bottles through the solution tank, Nordberg and Uihlein use a wheel or drum. The bottle-holding device is a pocket or receptacle inside the carrier to receive

the bottle bodily.   When the receptacle is inverted, a "guard independent of the carrier confines the bottle."

Cobb was not entitled to a generic patent for putting pockets and guards, disclosed by Nordberg and Uihlein, into the Goetz type of bottle-washing machine.   Wisconsin Compressed Air House Cleaning Co. v. American Compressed Air Cleaning Co., 125 Fed. 761, 60 C. C. A. 529.   "Industry in exploring the discoveries and acquiring the ideas of others, wise judgment in selecting and combining them, mechanical skill in applying them to practical results—none of these are creations; none of these enter into the inventive act."   Robinson, § 78.

There is room for such an adapter to have only a specific patent for his particular form of adaptation, and he is not privileged to exclude others from gleaning in the same general field.   Milwaukee Carving Co. v. Brunswick-Balke-Collender Co., 126 Fed. 171, 61 C. C. A. 175.

The claims in suit, if construed generically, would be void; limited to the specific form of adaptation, we do not find them infringed.

The grant of the Volz patent for a specific form of adaptation of the prior art raises the presumption that the differences are substantial, not merely colorable.

This presumption is not overborne by a comparison of the machines.   Cobb has a long horizontal tank, taking up considerable floor space.   Volz's upright tank was not taken from Cobb; it was any tank of the prior art adapted by Volz to his purpose of saving floor space and enabling the dirty bottles to be fed into the machine in the basement and discharged clean on the floor above, where they are to be used.   Volz's arrangement of the familiar chains and sprockets was not copied from Cobb, but was designed to balance the ascending and descending chains and bottles.   Volz did not extend a "straight cross-piece" from chain to chain to make his carrier, "said carrier having openings through which the bottles are inserted from the outside, and receptacles inside the carrier about said openings to receive the bottles bodily"; but between the chains he fastened an integral openwork rack by means of lugs at its central axis.   One side of the rack would be as much a straight crosspiece as the other.   Instead of being a colorable evasion of Cobb's specific "receptacle," Volz's rack is an adaptation of Dodge's integral centrally-secured buckets to bottle-holding purposes, well designed to co-operate with the upright tank and the particular arrangement of the chains and sprocket wheels therein.   On a vertical chain a balancing of weight on each side thereof is manifestly desirable.

These, and all the other differences, were before the Patent Office.   The granting of Volz's claims under the circumstances was a virtual finding that Volz was an independent improver in an open field, and we think such a finding is correct.

The decree is affirmed.