### BATES MACH. CO. v. WM. A. FORCE & CO.

(Circuit Court, S. D. New York. April 17, 1906.)

PATENTS—INFRINGEMENT—NUMBERING MACHINES.

The Bates patent, No. 721,276, for a typographic numbering machine, claims 13, 14, and 15, which relate to a drop-cipher device, were not anticipated, and disclose invention, but are for mere improvements on machines in the prior art, and come within the rule that one who selects and combines elements from the inventions of others into a new structure, adapted to accomplish the old result, is entitled to a patent only for his own particular form of adaptation, and hence are not entitled to the benefit of the doctrine of equivalents. As so limited, *held* not infringed.

In Equity. On final hearing.

Alfred B. Carhart, for complainant.

William E. Warland, for defendant.

HAZEL, District Judge. The patent in suit, No. 721,276, granted February 24, 1903, to Edwin G. Bates, assignor to complainant, relates to typographic numbering machines designed for inclosure in the ordinary printer's chase or frame. The machines are automatic, and are provided with devices known as "drop-cipher blocks," arranged to avoid printing nonsignificant ciphers to the left of a given number. Complainant alleges infringement of claims 13, 14, and 15, which refer to this drop-cipher device, and involve a movable block or wheel section, engraved on its printing face with the cipher character, and forming part of the periphery of the printing wheel, but being loosely seated in a recess of the wheel, so that it can be readily depressed within the wheel and held below the printing plane when desired. Machines for automatic number printing were old, and the drop-cipher feature was first disclosed in 1875 in patent No. 166,-681, to Bowman. This patent shows a printing wheel having an opening extending from the shaft to the periphery of the wheel, with a sliding cipher block therein, which, according to the drawing, was constructed to move radially from the center to the periphery of the wheel. In patent No. 521,000, of June 5, 1894, to Reinhardt, is described a drop-cipher having projections at the side to enable movement inward and outward. This construction was subsequently improved by Reinhardt in patent No. 561,946, dated June 6, 1896. This patent shows a cipher block in a recess of the numbering wheel, which

may be depressed from the rim of the wheel, and having undercut guiding bevels, the recess having the corresponding co-operating bevels at its outer end, much like the bevels mentioned in claim 13 of the patent in suit. It is thought this patent would anticipate the claims in suit were it not that the cipher block is pivoted, and therefore unable to move laterally, but being confined to radial movements from the shaft to the plane of the wheel. The patent to Reinhardt, No. 692,072, granted January 28, 1902, shows a loose movable drop-cipher, although it lacks the lateral movements of complainant's cipher block. In the patent to F. W. Wicht, No. 391,289, dated October 16, 1888, a movable drop-cipher is described, moving in a recess from the periphery of the wheel to the shaft hole thereof. The drawings and specifications show a cam groove extending lengthwise, with which the drop-cipher, provided with a rim at its inner end, co-operates, and is intermittently enabled to move to the printing plane and to recede therefrom. This patent also discloses projections and a notch, which operate as a shoulder, and arrest the cipher block in accurate printing position. A more particular consideration of the Bates improvement is now necessary. The novelty of the involved claims is not controverted. They read as follows:

"(13) A printing-wheel having a recess, and a non-pivoted drop-cipher block therein disconnected from the body of the wheel, and being loose in the recess, adapted to move toward and from the periphery of the wheel, and also to move slightly sidewise in the plane of the wheel in the recess, said wheel having undercut guiding-bevels, and said block having corresponding co-operating bevels at its outer side, whereby, as the block is moved outwardly in the recess, it is accurately guided forward or backward into position as necessary, and arrested by said bevels.

"(14) A printing-wheel having a recess, and a non-pivoted drop-cipher block therein disconnected from the body of the wheel, and held in the recess loosely, whereby it can move to and from the periphery of the wheel in the recess, and can move slightly sidewise in the plane of the wheel, and shoulders for arresting the block in exact printing position.

"(15) A printing-wheel having a recess, a floating drop-cipher block in the recess, and shoulders for guiding the block into position and arresting it."

Complainant claims that by the Bates improvement a radical departure from the known constructions was made, in that sliding or pivotal connections were avoided, thus allowing the cipher block to work with entire freedom in the opening of the wheel, without bearings or guides, and that it has overcome the difficulties experienced with machines having close-fitting drop-cipher blocks arising from the blocks becoming clogged with printer's ink and dirt, and inability to clean the same without removal of many small parts, which would entail loss of time and labor. True, the prior art discloses movable drop-ciphers closely fitted in a recess, but the pivoted drop-cipher of Reinhardt is open in construction, and suggests a freedom of play of the drop block by an abandonment of the pivoting arrangement.

Now, what was the achievement of Bates? The field is limited, and by reason thereof the claims must be confined to the specific construction described. The patentee's departure from the prior art is unquestionably confined to nonpivoted drop-cipher block loosely

seated in the recess of the wheel, which recess extends from the periphery of the wheel. By his arrangement the drop-cipher is enabled to move in the recess laterally and toward and from the printing plane of the wheel; the movements apparently being controlled by beveled shoulders or points of support. The open construction of the device facilitates cleaning of the parts, and obviates some delay in cleaning the machine from accumulated dirt and ink. The improvement, however, was in an existing and commonly known art, and, the claims being entitled to a narrow construction only, the doctrine of equivalents has no application. The cipher block of the alleged infringing device has on the left-hand side a lug or projection fitting in a small recess or opening on the left-hand side of the cipher opening of the wheel, to prevent the block from falling out of the wheel. Defendant's structure is apparently an alteration or an improvement of the Wicht patent of 1888. In the latter structure the opening is on the right-hand side of the cipher block, and the lug or projection is on the wheel, while in defendant's device the lug or projection is on the left-hand side of the block, and the recess in the wheel. On the other hand, in complainant's structure the drop-cipher is retained in the wheel by the bevels or shoulders specifically mentioned in the claims set out. The right-hand side of defendant's cipher block has a straight side fitting against a corresponding straight side in the opening of the wheel. The principle of the Wicht patent and that of defendant is similar, the chief difference being that in defendant's the cipher block is cut away more at its lower end, thus giving increased space for the play of the cipher block. Complainant contends that the straight right-hand side of defendant's block and the lug on the left-hand edge of the cipher block co-operating with the notch at the opening in the wheel in defendant's device form the mechanical equivalent of the bevels or shoulders called for by the claims in question. The complainant, however, as before indicated, was not a pioneer, and therefore, giving consideration to the patents of the prior art, must be restricted to the precise form described. An inspection of the file wrapper and contents of the Bates patent, together with the subsequent patent granted to Wicht & Spielmann, No. 739,369, dated September 22, 1903, the device claimed to be used by defendant, confirms this impression. It is a general rule that "one who selects and combines elements from the inventions of others into a new structure, adapted to accomplish the old result, is entitled to a patent only for his own particular form of adaptation." Loew Supply Co. v. Fred Miller Brewing Co. (C. C. A.) 138 Fed. 886. The departure of complainant, though an improvement, did not achieve new patentable results, and accordingly the principle applies that:

"When two inventors have each adapted the substantial features or elements of an earlier invention, making, respectively, but slight changes in or improvements upon the earlier device, each will be limited to his own specific form of device; and, if there are differences therein, neither device will be held to be an infringement of the other."

Sander v. Rose et al., 121 Fed. 835, 58 C. C. A. 171; Boyd v. Janesville Hay Tool Co., 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973;

Cons. Store Service Co. v. Siegel-Cooper Co., 107 Fed. 716, 46 C. C. A. 599.

The defense that the device in question was invented by one Wicht, a former employé of the complainant, and not by the patentee, is not sustained by the evidence. On the contrary, the proofs indicate that the patentee was the original inventor, as claimed in the bill. The other defenses advanced need not be given consideration.

In accordance herewith, the drop-cipher device described in the claims in controversy is held valid and not anticipated, and, as construed, is not infringed by the device of defendant. The bill is dismissed with costs.