HUNT, HELM, FERRIS & CO. v. MILWAUKEE HAY TOOL CO.

(Circuit Court of Appeals, Seventh Circuit. August 11, 1906.)

No. 1,253.

PATENTS—INFRINGEMENT—HOIST.

> The Ferris patent No. 584,340 for a hoist, covering a device attached to the sheave block for clamping and unclamping the free end of the rope, conceding invention, is of narrow scope, in view of the prior art, in the way of simplifying the form and cheapening the cost of the device, and must be limited to the particular form shown. As so construed it is not infringed by the device of the Gutenkunst patent No. 785,385, which, while functionally equivalent, employs different mechanical means.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

The appellant, Hunt, Helm, Ferris & Co.., was the complainant below, and appeals from a decree upon final hearing, dismissing its bill filed for alleged infringment of a patent. The patent involved is No. 584,340, issued to Henry L. Ferris, June 15, 1897, for a "hoist." In the specifications, the invention is stated as relating "to certain improvements in hoists of the class in which means are provided for clamping and releasing the free end of the rope, such means being operated by said free end itself." The patent has three claims, but infringement of the first claim is the only charge, and that reads: "(1) The combination with a sheave-block, pulley and rope, of an oscillating arm pivoted to the sheave-block, having a guiding channel for the free end of the rope, a clamping device pivoted upon said oscillating arm and adapted to

clamp the rope-guide therein, and an operating device rigidly' fixed upon the sheave-block, and adapted to engage the clamping device as the arm is oscillated, and operate the same to clamp or unclamp the rope, substantially as described."

The defenses were (1) invalidity of the patent and (2) noninfringement, and the opinion filed in the court below rests the decree upon the last-mentioned ground.

The device of the patent is exhibited in an accompanying drawing (Fig. 1); and the device complained of, used by the defendant, appears in patent No. 785,385 (Fig. 1), issued to William Gutenkunst, March 21, 1905, respectively, as follows:

Complainant's Device.                    Defendant's Device.

Russell Wiles, for appellant.

James B. Erwin and Leverett C. Wheeler, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge. The opinion filed below rests the decree upon a finding of noninfringement, without passing upon the further question raised, whether the "hoist" device of the Ferris patent (No. 584,340) in suit involved patentable invention. Upon the view adopted by the trial court of the appellee's departure from assumed invention in the means of the patent, the issue of validity was rightly left open—especially so on information, referred to in the opinion, of a controversy with another patentee which was pending and involved that issue. In accord with this course, we assume (without so deciding) that invention appears in the patent device, and consider only its scope under the limitations of the prior art, to ascertain whether the claims are infringed by the appellee.

Both devices in suit are of the well-known hoisting provision of sheave-block, pulley, and rope, combined with means for clamping and releasing the rope; and in both the clamp is operated by the free end of the rope, as also appears in prior structures. In simplicity and cheapness of structure, which were objects of the Ferris invention, the devices are alike, but the mere fact of such equivalency is not entitled to the weight, in this inquiry as to identity of means, which seems to be the contention on behalf of the appellant. The claims of invention rest alone upon the introduction and arrangement of the "clamping device" and "operating device," namely, the common form of clamping cam, provided with a series of teeth and pivoted upon the oscillating tubular arm (through which the free end of the rope is threaded to actuate the arm) and thus adapted to clamp the rope, in combination with the so-called "operating device," which is described in the first claim as "rigidly fixed upon the sheave-block and adapted to engage the clamping device as the arm is oscillated," and is specified in the patent as "a segment F, having teeth concentric with the pulley-axle and adapted to engage those upon the cam." These mechanisms are quite simple, and no novel function is disclosed, either in the elements respectively or in the device as an entirety. Like means and functions appear in numerous prior patents in evidence, and it is sufficient to cite four examples, which are not only analogous in purpose and in mechanisms employed—although differing in the specific form and arrangement of the elements—but as well in their general operation and function, namely: Green's patent, No. 406,579, of 1889; Young's No. 447,483, of 1891; Young's No. 524,015, of 1894; and Rowland's, No. 524,403, of 1894. Without reference to the well-known general art, it is obvious, upon inspection of these patents, that the patentee, Ferris, entered a narrow field for either improvement or invention in his device. That he improved upon the prior structures, in the way of simplifying the form and cheapening the casting when made integrally, is undoubted, and such improvement may involve invention; but it is well settled that the patent which may then be granted must be limited to the scope of the actual invention—to his

"particular form of adaptation." Loew Supply & Mfg. Co. v. Fred Miller Brewing Co. (C. C. A.) 138 Fed. 886, 889.

The appellee's device conforms to a subsequent patent (No. 785,385), issued to W. Gutenkunst for an improved "pulley block." In common with that of the appellant, it varies only from prior structures in the form and arrangement of the rope-clamping means, and preserves the old form of oscillating tubular arm to receive and be actuated by the free end of the rope. Instead of the gear-segment means of the appellant for clamping and releasing the rope, however, the appellee provides another form of clamping cam, pivoted on the oscillating arm (on the outer instead of the inner side of the arm, for the new adaptation), and having two laterally projecting pins for engagement with two slotted guide-plates—which are extensions of the sheave-block side-plates and thus "rigidly fixed" thereto—so that these means are adapted to engage for clamping or releasing the rope in response to the movements of arm and rope. The means thus combined performs the function, not alone of the appellant's device, but of several prior devices in evidence. Its departure from the intermeshing gear segments of the former, is unmistakable and undisputed; is substantial and not merely colorable. Rejecting the class of means from which the appellant's adaptation is made, the appellee has taken a means pointed out, for analogous object, in patent No. 212,717, issued to Rosecrants for "hay elevator"; and one which is much nearer the cam-operating means of the above-mentioned Green patent, No. 406,579, for a "hoist" than to the means of the appellant's patent.

Notwithstanding these distinctions in the means for clamping the rope, it is contended that the appellee infringes the first claim of the patent upon various propositions, which may be summarized in three: (1) That the invention authorizes generic claims and their interpretation accordingly; (2) that the appellee's means are invasions of the patent as the mechanical equivalent, although not "the specific gear construction"; and in any view, (3) that the appellee's slotted guide-plates or arms are the "operating device" of the mechanism, "rigidly fixed upon the sheave-block" within the express terms of claim 1.

1. The first proposition is unsound under the view above stated of the utmost scope of invention attributable to the device. Construed generically the claims would be invalid, and each claim in suit must either be limited to the structure specified in the patent, or be set aside as void.

2. With the invention thus narrowed, the doctrine of mechanical equivalents is not applicable in the sense of the interpretation sought, and it is unnecessary to consider whether the means of one and the other device are functionally such equivalents.

3. In the argument on behalf of the appellant there is much discussion by way of defining the so-called "operating device" in the respective structures in suit and in the prior references, in support of the twofold contentions that the patentee, Ferris, was the pioneer in the conception of such device "rigidly fixed upon the sheave-block," and that infringement is thus established. The means re-

ferred to in the patent as "an operating device" is unquestionable from the context. It is equally clear, however, not only that such means was merely one of the members and not the sole operating means in that or either of the other structures discussed, but that the patentee was not entitled to other than the specific means so attached to the sheave-block. As above remarked, the invention was not functional, nor of such character in any sense that a generic claim for such attachment is enforceable. Indeed, analogous provision distinctly appears in the Young patent, No. 524,015, granted in 1894. So the charge of infringement is without support in the fact that the appellee's guide-plates are rigidly fixed upon the sheave-block.

While the grant of the patent to Gutenkunst (No. 785,358), in conformity with which the appellee's device is made, is presumptive of differences which are substantial and not merely colorable (Loew Supply & Mfg. Co. v. Fred Miller Brewing Co., supra), we are of opinion that such distinctions are affirmatively established by the evidence. The decree of the Circuit Court accordingly is affirmed.

NOTE.—The following is the statement and opinion of the Circuit Court (Quarles, District Judge).

### Statement.

This is a bill in equity brought by the complainants, based upon letters patent of the United States No. 584,340, granted to Henry L. Ferris, and now the property of the complainants, against the Milwaukee Hay Tool Company for infringement, praying an injunction and accounting.

The answer denies that complainants' patent involves a patentable invention, and avers that said several alleged improvements were the product of mere mechanical skill and the adaptation of previously known mechanical contrivances; that said alleged invention had been anticipated by the prior art; and the answer contains a large number of references in support of such averment, and denies infringement.

The complainants' patent was issued for an improvement·upon the tackle hoist: The evidence discloses the fact that Smith (No. 325,983, September 8, 1885) was a pioneer in the sense that he provided a mechanism for operating a clamp by means of the free end of the rope. Many devices had been theretofore resorted to which presented the common features of a sheave-block, rope and pulleys, substantially as now constructed; but it was a decided advance in the art when Smith conceived the idea of controlling the clamping device by the free end of the rope. Smith pivoted his clutch or brake upon a pin rigidly fixed in the hangers above the sheave-block, and when the clamping device engaged the rope it was brought in contact with the pulley, which of course was free to move. It soon became apparent that the mobility of the pulley impaired the efficiency of the clutch, and Young, in his second patent, No. 524,015, August 7, 1894, and Rowland, in his patent No. 524,403, August 14, 1894, devised mechanisms to obviate the above defect, so that the clamping device might press the rope against a fixed, rigid arm. To accomplish this result, both Young and Rowland employed a link pivoted to the clamping device and also to the sheave-block, Rowland making his attachment at the top of the sheave-block and Young at the bottom of the same. During all this time the essential elements of the device, namely, the sheave-block, rope, pulleys, and the clamping device, were substantially the same, and operated in the same way, except only a difference in the means, whereby the clamp was brought in contact with the rope. At this point Ferris first came into the field, in 1897, and presented the same combination as in the prior art, except that he dispensed with the link used by Young and Rowland, and employed a gear-segment which was made integral with the sheave-block and

adapted to enmesh the teeth of the cam, and described by the patentee in his first claim as follows:

"The combination with a sheave-block, pulley and rope, of an oscillating arm pivoted to the sheave-block, having a guiding channel for the free end of the rope, a clamping device pivoted upon said oscillating arm adapted to clamp the rope-guide therein, and an operating device rigidly fixed upon the sheave-block, and adapted to engage the clamping device as the arm is oscillated, and operate the same to clamp or unclamp the rope, substantially as described."

The elements of the combination under his claim are described by complainants' counsel as follows: "First, a sheave-block; second, a pulley; third, a rope; fourth, an oscillating arm pivoted to the sheave-block and having a guiding channel for the free end of the rope; fifth, a clamping device pivoted upon said oscillating arm, adapted to clamp the rope-guide therein; sixth, an operating device rigidly fixed upon the sheave-block and adapted to engage the clamping device as the arm is oscillated and operate the same to clamp or unclamp the rope."

The first claim of the complainants' patent is alone involved in this litigation; it being conceded that there is no infringement as to the other claims.

## Opinion.

The first question naturally presented by the record would seem to be whether the employment by Ferris of a gear-segment to impart an oscillating movement to the cam or clamping device involved the inventive faculty, or merely called for mechanical skill in adapting an old device to the other elements of the combination which are also old. In the view we have taken of the case it is not necessary to pass upon this question at this time. It having been brought to the attention of the court, during the argument, that another cause is pending here which will raise this question, we have concluded to leave it as an open question and pass on to the consideration of other propositions involved in the record.

It seems clear that the Ferris invention is in no sense primary or fundamental, but involves only an improvement in one feature of the device. The field was well occupied before Ferris entered it, and we find that there are at last three operative devices for hoisting tackle which are in successful operation, with little substantial difference, the pulley-blocks, pulleys, arm, and cam all mounted and arranged in substantially the same way as in the devices of complainant and defendant, and in all of them the rope is clamped against the rigid sides of the swinging arm. They differ only as to the means employed for rotating the cam to lock or release the rope. The complainants' device accomplishes no new result. It is not contended that it produces a better or more efficient result; but the contention is that by dispensing with one part, namely, the link and the two rivets, and by casting the sheave-block and gearing in one piece, there is a commercial saving which entitles the complainants' invention to favorable consideration. Under these circumstances the law seems to be well settled that, if the inventor "achieve merely a speedier or cheaper mode of operation in the means, only those changes in the details of the art or instrument which are essential to its operation in the speedier or cheaper mode are of the substance of his invention." (1 Robinson, § 310.) In other words, when an invention is merely an improvement on a known machine by a mere change of form or combination of parts, the inventor is only entitled to the specific form of device which he produces, and he cannot invoke the doctrine of equivalents to suppress other improvements which are not colorable invasions of his own. Morley Sewing Machine Co. v. Lancaster (C. C.) 23 Fed. 345; s. c. on appeal, 129 U. S. 263, 274, 9 Sup. Ct. 299, 32 L. Ed. 715.

In Ry. Co. v. Sayles, 97 U. S. 554, 556, 24 L. Ed. 1053, the court say: "But if the advance toward the thing desired is gradual and proceeds step by step, so that no one can claim the complete whole, then each is entitled only to the specific form of device which he produces, and every other inventor is entitled to his own specific form, so long as it differs from those of his competitors and does not include theirs." See, also, Knapp v. Morss, 150 U. S.

148 F.—15

221. 230, 14 Sup. Ct. 81, 37 L. Ed. 1059; Miller v. Eagle, 151 U. S. 207, 14 Su Ct. 310, 38 L. Ed. 121; Avery v. Case Plow Works (C. C.) 139 Fed. 880, 886.

Construed in the light of these authorities, the complainants' first claim must necessarily be narrow, and cannot be broadened by the use of general language such as the inventor employs at the end of his specifications, "More or less variation in the form, arrangement and construction above described is possible, and I desire therefore, not to limit my invention by the above description of the preferred form in which it has been embodied."

It is difficult to see how the first claim can be substantially broadened without invading the prior art.

This brings us to the question of infringement. The defendant employed all of the old elements precisely as Ferris did, except only that he discarded the gear-segment and teeth, and had cast upon the lower end of the sheave-block what he calls "descending arms," and imparted oscillating motion to the clamping device by means of a pin and slot arrangement in such descending arms. If the invention of Ferris were what is known as a "pioneer," it would be questionable whether the device of the defendant were not a mechanical equivalent; but as we have seen, Ferris, being merely a detail improver, is entitled only to the doctrine of equivalents so far as colorable evasions of his invention are concerned. The defendant appears to have embodied substantially the slot and pin device of Green, No. 406,579. At all events, the means employed are so different from the mechanism of Ferris, that the court is constrained to find that no infringement has been shown of the complainants' device, and for this reason the bill must be dismissed.