## AMERICAN GRASS TWINE CO. v. CHOATE et al.

(Circuit Court of Appeals, Seventh Circuit.    November 15, 1907.)

### No. 1,333.

PATENTS—INFRINGEMENT—MACHINE FOR MAKING GRASS TWINE.

The Lowry patent, No. 524,423, for an automatic feeder for twine making machines, is merely for an adaptation of old elements for use in connection with a machine for making grass twine, and must be limited to the particular form of adaptation shown. Neither such patent nor the Lowry patent, No. 654,991, for a machine for making grass twine, is infringed by the machine of the Monahan and Kieren patent, No. 785,070.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

The decree appealed from dismissed appellant's bill for want of equity. Infringement was charged of patent No. 524,423 issued on August 14, 1894, to Lowry for an automatic feeder for twine making machines, and of patent No. 654,991 issued on July 31, 1900, to Lowry for a machine for making grass twine.

The following claims of the first patent are relied on:

"1. In a machine of the class described, the combination, with the feed box or hopper, of a revolving wheel or disk, provided at its periphery with jaws adapted to grasp a portion of the contents of the hopper, substantially as and for the purpose set forth.

"2. In a machine of the class described, the combination of a feed box or hopper, the revoluble feed wheel having jaws adapted to grasp a portion of the contents of the hopper and a receiving trough to receive the material carried from the box or hopper by the jaws of the feed wheel, substantially as set forth."

Four claims of the second patent are presented:

"13. In a machine of the class described, a carrier provided with gripping-jaws, a feedway, plates having feeding-fingers for feeding the material

through said feedway and into the path of said gripping-jaws, and means for yieldingly opposing the action of said fingers, and means for actuating said carrier and plates, as and for the purpose set forth.

"14. In a machine of the class described, a carrier provided with gripping-jaws, a feedway, means for feeding the material through said feedway and into the path of said gripping-jaws, and a door for the end of said feedway, said door being yieldingly held in closed position, and means for actuating said carrier, as and for the purpose set forth."

"44. In an organized machine for making grass twine, a twisting mechanism, means for delivering the grass, straws, or stalks thereto one after the other in uniform succession and at uniform distances apart, a wrapping mechanism arranged to receive the twisted material from said twisting mechanism and adapted to apply a wrapping-thread thereto, a feeding mechanism arranged to feed the twisted or wrapped material through said wrapping mechanism, in combination with a winding-reel arranged to receive the twisted or wrapped material and means for actuating said several mechanisms in unison, as and for the purpose set forth.

"45. In an organized machine for making grass twine, a twisting mechanism, means for delivering thereto the stalks or stems of grass, one after the other in uniform succession, a wrapping mechanism arranged to receive the material from said twisting mechanism, and to apply a wrapping thread thereto, and a feeding mechanism for feeding the twisted and wrapped material through the machine, in combination with a winding-reel arranged to receive the twisted and wrapped material, and a deployer for guiding the material to and along said reel, and means for actuating said several mechanisms in unison."

Frank F. Brown, for appellant.

Robert H. Parkinson (C. T. Benedict, on the brief), for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). No one reference of the prior art is sufficient of itself to rebut the presumption of the novelty of the claims of the first patent. Whether invention was involved is a question we find unnecessary to determine on this appeal. In view of the prior automatic feeders, the inventive genius of Lowry was displayed, if at all, in modifying, combining, and adapting old elements to work successfully upon the materials used in making the twine described in cause No. 1,332, herewith decided. "There is room for such an adapter to have only a specific patent for his particular form of adaptation, and he is not privileged to exclude others from gleaning in the same general field." Loew Supply & Mfg. Co. v. Fred Miller Brewing Co., 138 Fed. 886, 71 C. C. A. 266. Appellees' automatic feeder is made under patent No. 785,070, issued on March 14, 1905, to Monahan and Kieren, assignors. Considering Lowry and the patentees of appellees' feeder "as alike having improved on the prior art, the question is whether the specific improvements of the one actionably invaded the domain of the other. The presumption from the grant of the letters patent is that there was a substantial difference between the inventions." Kokomo Fence Machine Co. v. Kitselman, 189 U. S. 8, 23 Sup. Ct. 521, 47 L. Ed. 689. This presumption, far from being overcome, is rather confirmed by a comparison of appellees' feeder with the claims of appellant's patent. The vital element of both of Lowry's claims is the revolving wheel provided at its periphery with jaws adapt-

ed to grasp a portion of the contents of the hopper and carry it to the receiving trough. Lowry states in his patent that other forms of jaws or nippers than those he then described might readily be employed; but the whole idea and the only idea of conveying stalks of grass to the twisting mechanism was that they should be picked up by the biting action of jaws or nippers and carried along thus to the desired point and then dropped by the opening of the jaws. In appellees' feeder the stalks are carried forward by friction between moving surfaces below and above—below, a belt and a rubber roller across the bottom of the feedway; above, thin roller segments with grooved peripheries adapted to press against a few stalks at a time. Only the general results are the same; the ideas of means differ radically.

In the thirteenth and fourteenth claims of the second patent a material and indispensable element is "a carrier provided with gripping-jaws." As already found by us, appellees' machine is not provided with such a carrier or with its equivalent within Lowry's expressed idea of means.

In the forty-fourth and forty-fifth claims two essential elements are "a twisting mechanism" and "a wrapping mechanism." This machine produces the Lowry twine in which the stalks are first twisted together and then wrapped. Appellees' machine has no separate and independent twisting mechanism; and it is claimed that the product of their machine is without twist. Our examination leads us to conclude that the only twist is such as unavoidably would come from wrapping spirally the long stalks of marsh grass that are brought to the wrapping mechanism in straight and parallel relation to each other. The element of "a wrapping mechanism" in appellees' machine cannot also be the element of "a twisting mechanism" in the sense of appellant's claims merely because the wrapping mechanism inevitably tends to give a slight twist to the pliable strands. See Ajax Forge Co. v. Pettibone, 125 Fed. 748, 753, 60 C. C. A. 516. Appellees are therefore not guilty of infringing the claims.

The decree is affirmed.