## JAY et al. v. WEINBERG et al.[*]

(Circuit Court of Appeals, Seventh Circuit. April 29, 1919. Rehearing Denied December 5, 1919.)

### No. 2646.

1. PATENTS ⊂⊃328—INFRINGEMENT; VACUUM SUCTION DEVICE.
   The Higginson & Arundel patent, No. 1,067,814, and the Jay patents, No. 1,132,273 and No. 1,134,457, for vacuum suction devices for raising gasoline in an automobile from a main tank below the level of the carburetor to a secondary tank, held limited to the specific means shown, and, as so construed, not infringed.

2. PATENTS ⊂⊃174—LIMITATION OF IMPROVEMENT PATENTS.
   Where the general art has been developed by pioneers, there is room for an adapter to have only a specific patent for his particular form of adaptation, and he is not privileged to exclude others from gleaning in the same open field.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Webb Jay and the Stewart-Warner Speedometer Corporation against Frederick Weinberg and the Auto Parts Company. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 250 Fed. 469.

Charles Burton, of Edwardsville, Ill., and George L. Wilkinson, of Chicago, Ill., for appellants.

R. A. Parker, for appellees.

Before BAKER, Circuit Judge, and LANDIS and ENGLISH, District Judges.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 251 U. S. —, 40 Sup. Ct. 396, 64 L. Ed. —.

BAKER, Circuit Judge. This is an appeal from a final decree dismissing appellants' bill for infringement of the Higginson and Arundel patent, No. 1,067,814, and the Jay patents, Nos. 1,132,273 and 1,134,457, for vacuum suction means of raising gasoline in an automobile from a main tank below the level of the carburetor into a secondary tank from which gasoline flows to the carburetor by gravity.

[1] The trial court found that in the water-elevating art the principle of operation whereby a fluid is lifted by vacuum suction and discharged by gravity, and the general combinations of mechanical means for attaining the result, were old and well known long before appellants' patentees began their labors; that appellants' patentees, starting from this common ground, had made certain specific improvements which they were entitled to have protected; that the appellees, operating under Weinberg's patent No. 1,229,360, had started from the same common ground and had made certain specific improvements; and that appellees' improvements do not overlap any of appellants'.

Consideration of the record, briefs, and oral argument, has led us to approve the findings of the trial court and the reasons therefor as expressed at length in Jay v. Weinberg (D. C.) 250 Fed. 469.

The exigencies of the case have caused appellants to contend that—

"The water-elevating art is too remote from the internal combustion engine art to warrant imputing knowledge of expedients in the former to persons engaged in the latter art."

No problem of the internal combustion engine is present. To the gravity-fed carburetor it is immaterial where the feed tank gets its supply. So appellants' insistence is that the art of elevating water from a lower to a higher reservoir is not analogous to the art of elevating gasoline from a lower to a higher reservoir. We agree that the arts are not analogous; they are identical.

[2] Where the general art has been developed by the pioneers, there is room for an adapter to have only a specific patent for his particular form of adaptation, and he is not privileged to exclude others from gleaning in the same open field. Loew Supply Co. v. Fred Miller Brewing Co., 138 Fed. 886, 71 C. C. A. 266.

The decree is affirmed.